EDWARD W. LUKAS, JR., State Bar No. 155214
HARRINGTON, FOXX, DUBROW & CANTER, LLP
535 N. Brand Blvd. Suite 800
Glendale, California 91203
Telephone (213) 489-3222
Facsimile (213) 623-7929
E-mail: elukas@hfdclaw.com

Glenn E. Forbis (*Pro Hac Vice* forthcoming)
Jeremiah J. Foley (*Pro Hac Vice* forthcoming)
Harness, Dickey & Pierce PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
248-641-1600
E-mail: gforbis@harnessip.com
        jfoley@harnessip.com

Attorneys for Plaintiff MACUHEALTH, LP

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| MACUHEALTH, LP, | Case No. 2:25-cv-07803-JLS-MAR |
|---|---|
| Plaintiff, | **MACUHEALTH, LP'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND AN ORDER** |
| vs. | |
| ONLINE BEST, LLC, and JON MKRTCHYAN, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 65 and Local Rule 65-1, Plaintiff MacuHealth, LP ("MacuHealth") hereby submits its application for a temporary restraining order and an order to show cause why a preliminary injunction should not issue against Defendants Online Best, LLC ("Online Best") and Jon Mkrtchyan ("Mkrtchyan") (collectively, "Defendants"). In support of this application MacuHealth hereby submits the declarations

of Frederic Jouhet as required by Fed. R. Civ. P. 65(b)(1)(A) (Ex. 2), Jeremiah Foley as required by Fed. R. Civ. P. 65(b)(1)(B) (Ex. 3), and the proposed TRO (Ex. 1) and proposed order to show cause why a preliminary injunction should not issue (Ex. 4) as required by L.R. 65-1.

## I. INTRODUCTION

The Defendants have stolen a truckload of MacuHealth product and are currently selling the untested product to unsuspecting consumers. The product was stolen prior to the test for compliance with the label claims that MacuHealth performs on every lot prior to sale to its customers and distributors. The untested product might not meet the label claims that MacuHealth upholds. Samples from the lot of product that Online Best and Mkrtchyan are selling have not been tested and potentially may not meet label claims, causing irreparable harm to MacuHealth's brand and harming the unsuspecting consumers who think they are using MacuHealth's tested product. MacuHealth has lost control of its brand's quality through the Defendants' theft and sale of its product without testing for label claim compliance. Further, Online Best and Mkrtchyan are selling their product for 25% of the price of MacuHealth. MacuHealth is being forced to compete with a stolen, untested version of its product for a much cheaper price.

MacuHealth is likely to succeed on the merits. Its registered trademark is presumed to be valid. Online Best and Mkrtchyan are selling products with an identical label, yet which have not been tested as is MacuHealth's product. Irreparable harm is presumed in trademark cases, Mkrtchyan and Online Best cannot rebut the harm to MacuHealth's goodwill from the sale of the untested product and the harm caused by the price erosion. The balance of equities heavily favor MacuHealth. Mkrtchyan and Online Best have no equitable interest in selling counterfeit, stolen goods. The public's interest would be greatly assisted in stopping this counterfeiting, especially here where customers are unwittingly buying goods which have not been tested.

The Court should grant the requested order and put an end to the harm to the public

and to MacuHealth. The requested order seeks that the Defendants stop selling the stolen, counterfeit, product and that they return the stolen lot to MacuHealth. It further seeks that the defendants send a notice to their customers that what they have purchased is a counterfeit, untested product and request that said customers send the product back to MacuHealth. The requested order will remove untested product from the marketplace and put an end to the Defendants' harm. Product recalls are regularly ordered in injunctive relief in counterfeiting cases. *Patagonia, Inc. v. Agnew*, Case No. 2:25-cv-03283-CV-SK, 2025 U.S. Dist. LEXIS 107374 at * 26 n. 12 (C.D. Cal. June 5, 2025). In this case the product being recalled is the Plaintiff's property, the order restores it to the owner.

Finally, it seeks that the defendants' accounts be frozen. The Lanham Act allows recovery of a defendants' profits. 15 U.S.C. 1117(a). Such assets are frozen to ensure availability of relief. *Id.* at * 27 n. 13. The Defendants are selling the stolen counterfeit goods through Shopify, and there would be nothing to stop them from emptying their account without this order.

This Court has granted temporary restraining orders for trademark infringement in much lighter circumstances. See, e.g. *Dink & Volley GP v. Dink and Volley Pickleball, LLC*, Case No 8:25-cv- 00808, 2025 U.S. Dist. LEXIS 119092 (C.D. Cal. Apr. 28, 2025) (granting TRO preventing defendant from selling pickleball goods); *Ningbo Aux. Elec. Co., Ltd. v. Best Houseware Inc.*, Case No. 5:24-cv-02697-SSS-SPx, 2025 U.S. Dist. LEXIS 8208 (C.D. Cal. Jan. 14, 2025) (granting TRO preventing defendant from selling and manufacturing air conditioning equipment.) There is no reason not to do so here.

## II.     ARGUMENT

### A.     Legal Standard

A temporary restraining order may issue if "the movant provides specific facts in an affidavit that clearly show immediate and irreparable injury will result absent the order." *SATA GmbH & Co. KG v. Wenzhou New Century Int'l*, CV15-08157-BRO (Ex), 2015 U.S. Dist. LEXIS 147637 at * 25 (C.D. Cal. Oct. 19, 2015) (citing Fed. R. Civ. P. 65(b). "A plaintiff seeking preliminary relief must establish '[1] that he is likely to succeed on

the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* (citing *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009)).

### B. This Court Should Issue the Temporary Restraining Order

The Defendants are tricking customers into buying untested MacuHealth products. The goods the defendants are selling bear the same label as genuine MacuHealth products. The only way anyone would know that the goods are untested counterfeit goods is by looking at the lot number on the bottom and knowing that that lot number is the lot that was stolen. Customers may be receiving supplements that do not meet the label claim. The harm to the public and MacuHealth is great. The Defendants do not have a legally cognizable interest in selling stolen, counterfeit, goods. The Court should stop the sale of those goods and order that the Defendants return the stolen product to MacuHealth.

#### 1. MacuHealth is Likely to Succeed on the Merits

Online Best and Mkrtchyan are selling untested MacuHealth product as if it is MacuHealth's tested product.  This is trademark infringement. "The elements of trademark infringement are (1) ownership of valid trademark rights and (2) use by another in a manner that is likely to confuse United States consumers." *Moroccanoil, Inc. v. Perfumes World Com, Inc.*, 234 F.Supp.3d 1026 , 1030 (C.D. Cal. 2017) (citing *Comedy III Prods., Inc. v. New Lione Cinema*, 200 F.3d 593, 594 (9th Cir. 2000).

##### a. The Validity of MacuHealth's Goods Is Presumed

MacuHealth's trademark is presumed valid and cannot be shown otherwise. MacuHealth is a registered trademark owned by MacuHealth, LP. Ex. 2 ¶.4. "Registered trademarks are presumed to be valid, legally protectible marks until shown otherwise." *GS Holistic, LLC v. Vape Master Corp.*, Case No. CV 22-6719DSF, 2023 U.S. Dist. LEXIS 40224 at * 5 (citing *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002). Online Best and Mkrtchyan cannot show that MacuHealth's marks are invalid.

##### b. Selling Untested Product With the MacuHealth Label is

HARNESS.020\PLEADINGS\Ex Parte for TRO                         4

MacuHealth, LP's Ex Parte Application for Temporary Restraining Order And An Order to Show Cause Why A Preliminary Injunction Should Not Issue And An Order

**Trademark Infringement**

Online Best and Mkrtchyan are committing trademark infringement by selling untested products with the MacuHealth mark. "[W]here goods are marketed under 'identical marks but are materially different… the alleged infringer's goods are considered 'non-genuine' and the sale of the goods constitutes infringement.'" *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1092 (9th Cir. 2013) (quoting *Iberia Foods Corp. v. Romeo,* 150 F.3d 298, 303 (3rd Cir. 1998)). The product Online Best and Mkrtchyan are selling look identical to MacuHealth's product. Ex. 2 ¶18. The products in the stolen lot which Online Best and Mkrtchyan are selling were not tested to verify they meet the label claim. Ex. 2 ¶.21. "[D]istribution of a product that does not meet the trademark holder's quality control standards may result in a devaluation of the mark by tarnishing its image…" *Trader Joe's Co. v. Hallat*, 835 F.3d 960, 970 (9th Cir. 2016) (quoting *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1087 (9th Cir. 1998)). "If this occurs, 'the non-conforming product is deemed for Lanham Act purposes not to be the genuine product of the holder, and its distribution constitutes trademark infringement.'" *Enesco,* 146 F.3d at 1087 (quoting *Warner-Lambert Co. v. Northside Dev. Corp.*, 86 F.3d 3, 6 (2nd Cir. 1996)).

Here, consumers are purchasing untested product with the MacuHealth mark instead of MacuHealth's tested product. Selling untested products under the mark is trademark infringement. *See, e.g. El Greco Leather Prods. Co., Inc. v. Shoe World, Inc.*, 806 F.2d 392, 395 (2nd Cir. 1986) (infringement found where shoes sold by defendant did not go through plaintiff's quality inspection).

    **2.    MacuHealth Is Being Irreparably Harmed by Online Best's Sale of the Stolen, Untested MacuHealth Product**

    **a.    Irreparable Harm is Presumed**

In trademark cases, irreparable harm is presumed upon a finding of likelihood of confusion. *Mars Adver., Inc. v. XMars Corp.*, Case No. 2:24-cv-03475-ODW (PVCx), 2024 U.S. Dist. LEXIS 165579 at * 6 (C.D. Cal. Sept. 13, 2024) ("Under the Trademark

HARNESS.020\PLEADINGS\Ex Parte for TRO      5
MacuHealth, LP's Ex Parte Application for Temporary Restraining Order And An Order to Show Cause Why
A Preliminary Injunction Should Not Issue And An Order

Modernization Act of 2020, a plaintiff seeking an injunction to prevent trademark infringement is entitled to a rebuttable presumption of irreparable harm upon a finding of likelihood of success on the merits."). Likelihood of success has been shown and Online Best and Mkrtchyan cannot rebut the presumption.

### b. The Sale of Untested Product Harms MacuHealth's Goodwill

MacuHealth has lost control of its business reputation and good will and would continue to do so if Online Best and Mkrtchyan are allowed to continue to sell the stolen product. *Aitkin v. USI Ins. Servs., LLC*, Case No. 21-35497, 2022 U.S. App. LEXIS 12368 at * 4 (9th Cir. May 6, 2022) ("[Irreparable harm] can include 'loss of control over business reputation and damage to good will.")

The product Mkrtchyan and Online Best are selling may not provide the intended benefits of a tested MacuHealth product. The 10:10:2 ratio of lutein, meso-zeaxanthin, and zeaxanthin has been clinically demonstrated to increase macular pigment density, which supports ocular health. Ex. 2 ¶ 5. As the stolen product was not tested, MacuHealth cannot confirm that the product Online Best and Mkrtchyan are selling has the ingredients in that ratio. Ex. 2 ¶¶ 24-25. If the product the defendants are selling does not meet the label claim, their customers may think MacuHealth does not work. Ex. 2 ¶ 27. This damages the brand and causes MacuHealth to lose customers. Ex. 2 ¶ 28. This harm is difficult to valuate and is therefore irreparable. *Id.* at * 5; Ex. 2 ¶ 32.

Further, continued sales of the stolen and untested product sold by Online Best is likely to cause price erosion. Online Best's product sells for 25% of the price of MacuHealth. Ex. 2 ¶ 29. If Online Best continues to sell its stolen and untested product, consumers may come to believe that MacuHealth can be purchased for $20. Ex. 2 ¶ 30. This would put downward pressure on MacuHealth's price. Ex. 2 ¶ 31. "This price erosion supports a finding of irreparable harm." *Fitness Anywhere LLC v. Woss Enters. LLC*, Case No. 14-cv-01725-BLF, 2018 U.S. Dist. LEXIS 198095 at * 31 (N.D. Cal. Nov. 20, 2018) (citing *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151-1152 (Fed. Cir.

2011); *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1382 (Fed. Cir. 2007)).

### 3. The Balance of Equities is in MacuHealth's favor Online Best and Mkrtchyan Do Not Have an Equitable Interest in Selling Stolen, Untested Product

Online Best and Mkrtchyan have no equitable interest in selling counterfeit products. *Cisco Sys. V. Dexon Comput., Inc.*, 2023 U.S. Dist. LEXIS 178372 at * 21 (C.D. Cal. Oct. 3, 2023) ("Courts regularly acknowledge that a business has no legitimate interest in selling counterfeit product.") They further have no equitable interest in selling stolen product. Selling their product is a crime. *See* Cal. Pen. Code § 496. MacuHealth's interest in stopping the infringement outweighs the Defendant's zero interest in continuing to sell the stolen counterfeit product.

### 4. Granting this Injunction is in the Public's Interest

The Public has an interest in protecting trademarks. *Cisco,* 2023 U.S. Dist. LEXIS at * 22 (citing *Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999)). This is especially true here where the public are buying untested health products that might not work. Ex. 2 ¶ 27.

### C. The Appropriate Bond Here is $0

There is no likelihood of harm to the Defendants, they have no interest in selling stolen, counterfeit, goods which have not been tested. The products in the stolen lot should not be sold by anyone. Selling the stolen product is a crime, a party is not harmed by being ordered to follow the law. With no possibility of harm to the defendant, there is no reason to request a bond. *See Cisco Sys. V. Shenzhen Usource Tech. Co.*, Case No. 5:20-cv-04773-EJD, 2020 U.S. Dist. LEXIS 127509 at * 35 ("The district court is afforded wide discretion in setting the amount of the bond, … and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction.") (quoting *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003)).

## III. CONCLUSION

The Court should grant the requested Temporary Restraining Order.

Dated: August 20, 2025                HARRINGTON, FOXX, DUBROW & CANTER, LLP


By: /s/ Edward W. Lukas, Jr.
    EDWARD W. LUKAS, JR.
    *Local Counsel for Plaintiff*
    Attorneys for Plaintiff MACUHEALTH, LP


Dated: August 20, 2025                HARNESS, DICKEY & PIERCE PLC


By: /s/ Glenn E. Forbis
    GLENN E. FORBIS (*Pro Hac Vice* forthcoming)
    JEREMIAH J. FOLEY (*Pro Hac Vice* forthcoming)
    Attorneys for Plaintiff MACUHEALTH, LP

HARNESS.020\PLEADINGS\Ex Parte for TRO

8

MacuHealth, LP's Ex Parte Application for Temporary Restraining Order And An Order to Show Cause Why A Preliminary Injunction Should Not Issue And An Order